UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | No. 3:06cr0113 AS |
| ) | |
| **JAMES McMANUS** ) | |

*MEMORANDUM OPINION AND ORDER*

The indictment in this case was filed on September 14, 2006 in which this Defendant, James McManus is charged with a violation of Title 18 U.S.C. §1470.the charge is in a single count plus a forfeiture indictment. The United States Magistrate Judge, Christopher A. Nuechterlein, entered an order of detention on August 23, 2006. Hearing and proceedings were had on that subject on December 1, 2006. Arguments were heard and the court entertained Government's exhibit 2 and had available to it the pretrial services report. It also heard the arguments of the lawyers.

**STANDARD OF REVIEW**

When reviewing a magistrate judge's detention order under 18 U.S.C. §3145(b), this Court must reach its own independent conclusions. *U.S. v. Bergner*, 800 F.Supp. 659 (N.D. Ind. 1992). In this regard, this Court must conduct what is substantially a *de novo* review and need not defer to the magistrate's findings. *U.S. v. Levine,* 770 F.Supp. 460 (N.D. Ind. 1991)*; see also U.S. v. Portes*, 786 F.2d 758, 761 (7th Cir. 1985).

## ANALYSIS

Title 18 of the U.S. Code, §3142(a) and (e) authorize a district court to order that, pending trial, a person charged with an offense be detained. *See United States v. Diaz,* 777 F.2d 1236 (7th Cir. 1985). Defendant can be detained either upon a showing of dangerousness, or upon a showing of risk of flight, and the Government need not establish both. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985).

A finding that Defendant is a danger to the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B). Clear and convincing evidence is something more than proof by a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 425, 99 S. Ct. 1804 (1979). "Danger" in this context currently means more than a literal physical threat. It includes the likelihood that the accused will engage in criminal activity, including non-violent criminal activity if released. A finding that a Defendant is a flight risk must be supported by a preponderance of the evidence. *Portes*, 786 F.2d 758. The mere opportunity to flee is not enough to justify detention. *U.S. v. Hammond*, 204 F.Supp.2d 1157, 1165 (E.D. Wis. 2002); *U.S. v. Chen,* 820 F. Supp.1205, 1208 (N.D. Cal. 1992). The Bail Reform Act[1] specifies factors the Court is to consider in making the detention decision including the:

---

[1] The Bail Reform Act of 1984 was sustained as an appropriate regulatory device to assure the safety of persons in the community and to protect against the risk of flight. The Supreme Court has upheld the substantive right to detain based upon the Government's meeting the burden required by the statute. *See U.S. v. Montalvo-Murillo*, 495 U.S. 711, 718, 110 S. Ct. 2072, 2078 (1990); *citing U.S. v. Salerno*, 481 U.S. 739, 107 S. Ct. 2095 (1987).

1. nature and seriousness of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. substantiality of the government's evidence against the defendant

3. defendant's background and characteristics, including:

> A. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and
>
> B. whether, at the time of the current offense or arrest, the person was on parole, probation or other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law; and

4. nature and seriousness of the danger posed by his release.

18 U.S.C. § 3142(g); *Messino,* 842 F. Supp. *1110; Bergner*, 800 F. Supp. 659; *United States v. Bennett*, 731 F. Supp. 907 (S.D. Ill. 1990).  As indicated in the proceedings, there is no presumption here in favor of detention under 18 U.S.C. §3142(e).

This court takes judicial notice of recent proceedings in *U.S.A. v. Derek Scott Davey*, Cause Number 3:06cr0106.  This court is also entitled to listen carefully to the recommendation of pretrial services as embodied in their report dated August 21, 2006.  It is of some moment that pretrial services made positive recommendations both on issues of nonappearance and danger to the community.  This court has no serious reservations that this Defendant will appear at future court proceedings as ordered.  Further, this court is convinced that with the proper combination of conditions, the safety of the community can be insured if the Defendant is released. This decision is made after having weighed the factors with

3

close consideration paid to the evidence the parties presented. In short, the Court finds pretrial detention is not warranted in this case. The Defendant shall be released on the following conditions:

- Release on a $20,000 corporate security bond. The corporate surety must be on the approved treasury list;
- Travel restricted to the Northern District of Indiana and Western District of Michigan;
- Report to U.S. Pretrial Services as directed;
- No possession of firearms or destructive devices;
- Not to have personal access to computer internet services and U.S. Pretrial Services shall have access to the Defendant's personal computer to verify the same;
- Not possess or use controlled substances without a prescription for a licensed medical practitioner.
- Submit to testing for substances of abuse at the discretion and direction of the U.S. Pretrial Services.

**IT IS SO ORDERED**.

   **DATED:** December 5, 2006

                                        S/ ALLEN SHARP
                                **ALLEN SHARP, JUDGE**
                                **UNITED STATES DISTRICT COURT**